Ruffin, C. J.
 

 The Act of 1777,
 
 Rev. Stat. Ch.
 
 109,
 
 Sec.
 
 19, makes all bonds, taken from persons in their custody by sheriffs, by color of their office, void, unless they be taken payable to the sheriff as such, and dischargeable upon the prisoner’s appearance, &c., or upon “such persons keeping- within the limits and rules of any prison”— unless, in any special case, any other obligation shall be directed. That Act and those of 1741, and 1759, which provide for laying out the prison bounds, taking the bond, and the remedy on it are
 
 in pari materia
 
 and to be construed together; and they shew very clearly, that, when the bond is taken, the party is not only to be a prisoner in custody, but also a prisoner in gaol. The Act of ’41 provides, that, “ for the preservation of the health of such persons, as shall be
 
 committed to jn-ison”
 
 the Court may lay out limits ; and every
 
 prisoner,
 
 not
 
 committed
 
 for treason or felony, giving good security, to the sheriff to “keep within the said rules,”
 
 may walk therein out of prison,
 
 and
 
 such prisoner,
 
 keeping coirtinually within the rules, is declared a true prisoner. So, the preamble of the Act of 1759 recites that of 1741, as enacting, that every person
 
 committed to gaol,
 
 not for treason or felony, upon giving bond and security to the sheriff, may have the liberty of the rules of the prison
 
 to which he is committed :
 
 and then it enacts the remedy by motion on bonds given by persons
 
 committed
 
 — not taken — on a
 
 ca.
 
 sa.
 

 It further enacts, that no person
 
 committed to gaol,
 
 on execution on a judgment or the prison-bounds bond shall be allowed the rules. It is clear, therefore, that it was not the object of these Acts to prevent the imprisonment of persons taken in execution; but, on the contrary, both the words and the policy of the statutes shew the purpose to be simply to preserve the health of those, who are so unfortunate as to be in prison. By taking a bond from a per
 
 *177
 
 son in that situation, the sheriff is guilty of no escape, in letting him out of the walls of the prison ; for he does only what the law requires of him, and the party is deemed a true prisoner, while he keeps within the rules. The law supposes that he will thus continue a prisoner, under the obligations of the bond, which it authorises ; and that if he forfeits the bond, it will, at least, not be with the concurrence of the sheriff, and
 
 eo instanli
 
 that it is given. But it is manifest, that there can be no such idea, when a bond is taken from a person before he is carried to prison. The purpose of such a bond can be no other than to indemnify the sheriff for a voluntary escape of his prisoner. This is set in a clearer light by supposing, that the bond here had been conditioned, that the debtor “ should without delay go to the prison and thereafter keep within the limits.” It would be plain upon its face, that it was taken for the illegal purpose, just mentioned, of securing the sheriff for
 
 not committing
 
 the party to prison, and leaving him at large, to go or not to go there, as he pleased ; and therefore it would be void by the express words of the Act of 1777. It follows, that as the fact does not appear in the bond, it may be averred and proved; for, when a statute avoids an instrument for any cause, it can create no estoppel, but the facts, which bring it within the statute, may be shewn by plea ; as in a case of usury, or of a bond taken by a sheriff contrary to the
 
 St. 23, Hen.
 
 6 — from which, indeed, our Act of 1777 was taken. It is apparent, then, that the bond was taken for ease and favour to the debtor, and to relieve the sheriff from the labour and risk of carrying him to prison, by indemnifying him for the escape. Consequently it is void, and the sheriff cannot discharge himself from his liability for the escape, by assigning the bond, to be enforced by the creditor.
 

 The manner of making the defence was also proper. The proviso, that the obligors shall not plead
 
 non estfactum,
 
 unless upon affidavit of its truth, is inaccurately expressed
 
 *178
 
 for as the proceedings are summary, without process or declaration, there can, strictly speaking, be no plea. The meaning is, that the obligors shall not be allowed to deny the
 
 execution
 
 — the
 
 factum
 
 — of the bond, returned on his oath by the sheriff, without doing so on their oaths. But they are not precluded from other defences, because they cannot deny the execution of the bond. It would, for instance, be a good answer to the motion for judgment, that the creditor had assented to the debtor’s going out of the rules, or that the latter had paid the debt, or been in any other manner discharged. So, certainly, the defendants may insist, that the bond, though given, is void, because it is insensible of contrary to the statute. Objections of the last kind cannot in general be taken upon.nqn
 
 est factum.
 
 If they appear upon the bond and declaration, jibe defendant may demur, or move in arrest of judgment:
 
 Samuel
 
 v.
 
 Evans, 2
 
 T. R. 569. That seems to be peculiar'to cases arising under the statute 23,
 
 Hen.
 
 6.; for in other cases, as in usury, or gaming, appearing on the'instrument, the defendant cannot demur, but must plead the facts and insist on the statute specially. 1
 
 Saun. 295. I Chit. Pl. 520.
 
 No, doubt, the defendant may also avail himself of defects apparent on the bond, and not stated in the declaration, by pleading
 
 not est factum,
 
 and thus compelling the plaintiff to produce the bond on the trial and exhibit its variance from the declaration or its intrinsic vice. But when its illegality, as here, does not appear in the bond, the proper and established course is, to put the facts on the record by plea, which will bring the case within the statute, concluding, “and so the said J. C, says, the said writing with the said condition, &c., by virtue of the said statute is altogether void and of no effect in law; and this” &c.
 
 Lenthall v. Cook,
 
 1 Saund. 156. As the present proceeding, however, is by motion, the whole matter is open to evidence without plea, excepting only that the creditor is not bound to prove the bond, unless the other party
 
 *179
 
 shall deny its execution on oath. The usual course is to hear affidavits on each side on which the Court acts. No doubt, however, that in a proper case, as when it is doubtful how the facts are upon the proofs, the Court may direct an action to be brought or direct an issue to be tried by a jury. But the facts are not even disputed here, and the sole question was, as to the validity of the bond, upon those facts, under the statute.
 

 Per Curiam. Judgment affirmed.